1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      OSCAR RAMOS,                                  No.  2:24-cv-02117-SCR

12
                            Plaintiff,
13                                                     ORDER

        v.
14

15      STAVROULA PISTIOLAS,

16                          Defendant.

17

18          The parties this case have consented to proceed before a United States Magistrate Judge.

19  *See* 28 U.S.C. § 636(c); ECF No. 13.  Accordingly, this matter was assigned to the undersigned

20  for all purposes.  ECF No. 13.  Now before the Court is Defendant's Motion to Dismiss (ECF No.

21  14), which the Court heard on February 13, 2025.  For the reasons set forth below, the Motion is

22  granted.

23          **I.      Background and Procedural History**

24          Plaintiff filed this action on August 6, 2024.  Plaintiff alleged violations of the

25  Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101, *et seq*.) (herein "ADA") and

26  California state law, including violation of California Civil Code §§ 51, *et seq*. (the Unruh Act).[1]

27  _____

28  [1]  California's Unruh Civil Rights Act "operates virtually identically to the ADA."  *Molski v. M.J.*
    *Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).  Any violation of the ADA "necessarily

1    Plaintiff alleges he is a "physically handicapped" person and a "person with a disability" as those

2    terms are used under the ADA and state law.  ECF No. 1 at ¶ 6.  Defendant Stavroula Pistiolas is

3    alleged to be an owner and operator of Little Knopp Bakery (the "Bakery").[2]  Plaintiff alleges he

4    encountered barriers to accessibility at the Bakery, including problems with designated parking

5    spaces, a "too high and very narrow" service counter, and "too narrow" interior aisles.  *Id.* at ¶¶ 3-

6    4.

7            Plaintiff's complaint seeks several forms of relief, including: 1) injunctive relief

8    concerning the Bakery's policy and procedures; 2) statutory damages; 3) prejudgment interest;

9    and 4) attorney's fees and costs.  ECF No. 1 at 21-22.  Defendant filed an Answer.  ECF No. 5.

10           The parties filed a Joint Status Report.  ECF No. 15.  Therein, Defendant claims to have

11   "remediated all alleged violations identified in the Complaint, and raised by Plaintiff and his

12   expert witness, Robert Cortez, at the joint inspection."  ECF No. 15 at 1.  Defendant seeks to

13   dismiss the action on the basis that the ADA claim is moot.  ECF No. 14.  Opposition and reply

14   briefs were filed.  ECF Nos. 17 & 20.

15        **II.      Defendant's Motion to Dismiss**

16           Defendant's Motion to Dismiss argues that the Court lacks subject matter jurisdiction

17   because the Plaintiff's ADA claim is moot.  ECF No. 14 at 1-2.  Defendant submits with the

18   motion the declarations of Michael Miyaki, an ADA compliance expert, and Mark Iezza.  ECF

19   Nos. 14-1, 14-2.  Defendant contends she has corrected and otherwise removed all barriers to

20   access alleged in the Complaint.  *Id.* at 7.  Defendant contends this renders the ADA claim for

21   injunctive relief moot, and asks that the Court decline supplemental jurisdiction over the state law

22   claim.

23           Plaintiff's opposition argues that he visited the Bakery in April and May of 2024, and that

24   he has stated a claim under the ADA and Unruh Act.  ECF No. 17 at 1-2.  Plaintiff contends a site

25   constitutes a violation of the Unruh Act," which provides for minimum statutory damages.  *Id.*  A
26   "litigant need not prove she suffered actual damages to recover the independent statutory
     damages of $4,000."  *Id.*
27   [2]  Plaintiff voluntarily dismissed Efphimios Pistiolas as a defendant based on Defendant Stavroula
     Pistiolas' representation that Efphimios passed away prior to the filing of this suit on June 9,
28   2024.  ECF No. 12.

                                                      2

1    inspection occurred on November 20, 2024, and that Plaintiff's expert, Roberto Cortez, "found

2    several barriers to disabled access." *Id.* at 2.  Plaintiff concedes "it does appear that the barriers

3    stated in the complaint, and the barriers found during the site inspection, have been removed as of

4    today's date [January 3, 2025]." *Id.* at 3.  However, Plaintiff contends the issue remains of

5    whether injunctive relief is needed to order Defendant not to violate the law in the future.  *Id.*

6    Additionally, Plaintiff contends that barriers in addition to those pled in the complaint were

7    identified at the site inspection: 1) the interior landing space in front of the entrance did not have

8    enough space; and 2) the door handle height was incorrect.  *Id.*  Plaintiff argues that there is a

9    chance the violations could recur in the future because the aisles could easily be reconfigured by

10   moving shelving.  *Id.* at 7.  Plaintiff further contends that because Defendant's expert disputes

11   whether the aisles are aisles under the law and required to be 44-inches wide, as opposed to 36-

12   inches wide, there is a chance that Defendant will not comply in the future.  *Id.* at 8-9.

13          In support of their briefing, both parties submitted declarations.  A court can consider

14   materials beyond the pleadings in evaluating a motion to dismiss based on lack of jurisdiction.

15   *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual

16   attack on jurisdiction, the district court may review evidence beyond the complaint without

17   converting the motion to dismiss into a motion for summary judgment.").  "Mootness is a

18   question of subject matter jurisdiction properly raised under Rule 12(b)(1)," and a court may

19   consider evidence outside the pleadings in deciding a 12(b)(1) motion.  *Zielinski v. SEIU Local*

20   *503*, 499 F. Supp. 3d 804, 808 (D. Or. 2020), citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.

21   2000).

22          **A.      Mootness**

23          Defendant argues the ADA claim is moot because Plaintiff can only receive injunctive

24   relief under the ADA, and Defendant has already made the necessary changes to the Bakery.

25   ECF No. 14 at 7-8.  Defendant is correct that only injunctive relief is available under Title III of

26   the ADA.  *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable

27   under Title III of the ADA—only injunctive relief is available for violations of Title III.").

28   However, Plaintiff disputes that he has received all the injunctive relief available on his ADA

3

1    claim.  ECF No. 17 at 8.  Additionally, Plaintiff argues, even if Defendant has remedied the

2    violations alleged in the complaint, rendering the ADA claim moot, the Court has supplemental

3    jurisdiction over the state law claims.  28 U.S.C. § 1367(a).

4        "A claim is moot if it has lost its character as a present, live controversy."  *Kearns v. Ford*

5    *Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).  "If there is no longer a possibility that a [party]

6    can obtain relief for his claim, the claim is moot and must be dismissed for lack of jurisdiction."

7    *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999).  Here, Plaintiff contends

8    that because the width of the aisles is easily adjustable, an injunction as to future conduct may be

9    necessary.

10        Recognized exceptions to the mootness doctrine allow a court to review a claim that is

11    otherwise moot, including: 1) collateral legal consequences; 2) capable of repetition yet evading

12    review; and 3) voluntary cessation.  *See Center for Biological Diversity v. Lohn*, 511 F.3d 960,

13    964 (9th Cir. 2007).  Plaintiff argues that this case falls into the voluntary cessation category.

14    ECF No. 17 at 5.  Plaintiff contends that if Defendant has made adjustments by moving some

15    lightweight shelving, but is still arguing that compliance is not necessary because the walkways

16    are not "aisles," Defendant may not comply in the future.  *Id.* at 7 ("[t]he defense admits that

17    these display cases that are part of the aisles are light and easily moved").

18        By the time of the hearing, the parties agreed that all barriers to accessibility had been

19    removed, bringing Defendant into compliance with the ADA.  Defendant's expert states that he

20    inspected the site on October 24, 2024, and that there was no problem with the van accessible

21    parking, and the service counter had "been lowered" to 34 inches.  ECF No. 14-2 at ¶¶ 8-9.  The

22    additional barriers identified by Plaintiff's expert were subsequently remedied.  ECF No. 17 at

23    3:15-17.  Defendant has declared her intention to maintain the Bakery in compliance with the

24    ADA.  ECF No. 14-2 (Pistiolas Declaration).  Defendant also received no pre-litigation notice

25    about the Bakery's alleged violations of the ADA and did not resist the need to make adjustments

26    or engage in prolonged litigation over liability.  In summary, the challenged conditions have been

27    remedied, some through structural changes, Defendant has declared her intention to maintain

28    compliance, and there is no long-running pattern of resistance or non-compliance.

1    On this factual background, "there is no reasonable expectation that the wrong will be

2    repeated[.]" *Barnes v. Healy*, 980 F.2d 572, 580 (9th Cir. 1992).  Rather, Defendant has met her

3    "heavy burden of persuad[ing] the court" that the alleged barriers "cannot reasonably be expected

4    to start up again[.]" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167,

5    189 (2000).  Thus, the voluntary cessation exception to mootness does not apply.  *See Watanabe*

6    *v. Home Depot USA, Inc.*, 2003 WL 24272650, at *4 (C.D. Cal. July 14, 2003) (in evaluating

7    whether an ADA case is moot, a court properly evaluates "the bona fides of the expressed intent

8    to comply, the effectiveness of the discontinuance and, in some cases, the character of the past

9    violations").  There is no longer a live controversy as to Plaintiff's ADA claim and that claim is

10   accordingly moot.

11       **B.  Supplemental Jurisdiction**

12       Plaintiff takes the position that the Court should exercise supplemental jurisdiction over

13   his state law claims under 28 U.S.C. § 1367 even if it dismisses the ADA claim as moot.

14   Defendant argues that if the Court dismisses the ADA claim as moot, it will have dismissed all

15   claims over which it has original jurisdiction and should decline supplemental jurisdiction.  ECF

16   No. 14 at 9.  Defendant contends the Court has not considered the merits of the state law claims

17   and there would be no judicial economy interest in the case remaining here.  *Id.*

18       "District courts 'may'—and often do—'decline to exercise supplemental jurisdiction' if,

19   as here, they have 'dismissed all claims over which it has original jurisdiction.'" *Johnson v.*

20   *Montpelier One LLC*, No. 19-CV-06214-EJD, 2020 WL 3504458, at *3 (N.D. Cal. June 28,

21   2020) (citing 28 U.S.C. § 1367(c) and declining to exercise supplemental jurisdiction over an

22   Unruh Act claim after finding ADA claim moot).  Here, as in many areas of the law, the

23   procedural posture matters.  In *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021), the Ninth Circuit

24   stated that where the court had already granted summary judgment on the ADA claim, the values

25   of judicial economy and convenience "weigh very heavily in favor of retaining jurisdiction." 19

26   F.4th at 1215.  The Ninth Circuit stated that where the disposition of the Unruh Act claim

27   "follows obviously and ineluctably" from the district court's decision on the ADA claim, "it

28   would be a sheer waste of time and resources to require that claim to be refiled in state court." *Id.*

1       In another recent case, *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022), the Ninth Circuit

2   affirmed the district court's decision to decline supplemental jurisdiction over an Unruh Act

3   claim.  The court in *Vo* distinguished *Arroyo* by finding the district court had declined

4   supplemental jurisdiction earlier in the litigation and had sufficiently explained the "exceptional

5   circumstances" and "compelling reasons" for doing so.

6       In the instant case, the Court is dismissing the ADA claim as moot early in the litigation

7   and without engaging in lengthy merits-based analysis.  There is accordingly little to no judicial

8   economy in retaining jurisdiction to adjudicate the Unruh Act claim.  "As the Court has not

9   considered the merits of the Unruh Act claim, there is no interest in judicial economy in retaining

10  the case.  Nor has Plaintiff articulated any significant inconvenience that he would face in refiling

11  in state court." *Johnson*, 2020 WL 3504458, at *4.

12      Plaintiff cites to two recent cases from the Eastern District of California in which the court

13  retained jurisdiction over Unruh Act claims:  *Sepulveda v. Garcia*, 23-cv-02177-DC-JDP and

14  *Sepulveda v. Gray*, 23-cv-02769-WBS-JDP.  ECF No. 17 at 10.  Neither case is particularly on

15  point, as default judgment was entered on ADA claim and the issue of whether the court should

16  continue to retain jurisdiction over the Unruh claim does not appear to have been put at issue.  At

17  the hearing in the instant case, the Court provided Plaintiff an opportunity to submit cases where a

18  district court maintained jurisdiction over an Unruh Act claim after dismissing an ADA claim as

19  moot.  However, four of the cases Plaintiff submitted were at the summary judgment stage, while

20  the remaining two had been pending for over a year before a motion was filed.  ECF No. 23.

21  Those cases are accordingly materially distinguishable from the instant case and do not persuade

22  the Court to retain jurisdiction under these circumstances.

23  **III.    Conclusion**

24      Accordingly, **IT IS HEREBY ORDERED** that:

25      1. Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED**.

26  ////

27  ////

28  ////

6

2. The Court dismisses as moot Plaintiff's ADA claim and dismisses his state law claims without prejudice to refiling in state court.

3. The Clerk shall enter Judgment and close this file.

Dated:  April 22, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

7